IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FREDERICKA LYLES, # R85115,

        Petitioner,

vs.                                         Case No. 13-cv-00493-DRH

ST. CLAIR COUNTY,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Fredericka Lyles, currently incarcerated at Logan Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of her conviction and sentence in the Circuit Court of St. Clair County, Illinois. In February 2008, Lyles was convicted by a jury of committing a drug-induced homicide, for which she was sentenced to 25 years of imprisonment; she was also convicted of delivering a controlled substance, for which she received a consecutive 6-year sentence. Her direct appeal was unsuccessful, and the Illinois Supreme Court denied her petition for leave to appeal.

This case is now before the Court for preliminary review. Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, the Court concludes that the petition must be dismissed, albeit without prejudice and with leave to amend.

First and foremost, Lyles' petition is not signed. Rule 2(c)(5) of the Rules Governing § 2254 Cases in the United States District Courts requires that every petition "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Without a proper petition, the Court lacks subject-matter jurisdiction. However, at the risk of offering an advisory opinion, the Court will note several other apparent deficiencies.

According to Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts, if the petitioner is currently in custody, the proper respondent is the state officer who has custody of the petitioner. Thus, St. Clair County is not a proper respondent. Petitioner is currently housed at Logan Correctional Center. According to the Illinois Department of Corrections website,[1] Sheryl Thompson is the current warden; she would be the proper respondent. Furthermore, this action may be subject to transfer to the Central District of Illinois pursuant to 28 U.S.C. § 2241(d).

The Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA") allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in

---

[1] www2.illinois.gov/idoc/facilities/Pages/logancorrectionalcenter.aspx

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.' " *Id.* at 67 (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004). Ground No. 2 of the petition appears to pertain to a violation of Illinois law, "Section 725 ILCS" (Doc. 1, p. 10). In addition, the ground for relief is unclear—which is itself a violation of Rule 2(c)(2) of the Rules Governing § 2254 Cases in the United States District Courts.

It is also unclear whether Lyles has exhausted state court remedies on all claims. The law requires her to exhaust state court remedies *before* her claim may be addressed in federal court, or else show cause and prejudice for his failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan,* 250 F.3d 506, 508–09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his or her claim in each appropriate state court including a state supreme court with powers of discretionary review. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Farrell v. Lane,* 939 F.2d 409, 410 (7th Cir. 1991) ("Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits, or, when the claims could not be brought in

state court because no remedies remain available at the time the federal petition is filed." (internal citations omitted)).

Because it appears that there is a possibility that Lyles has exhausted state remedies as to some claims and not as to others, the Court will elaborate. "Where state remedies remain available to a habeas petitioner who has not fairly presented his constitutional claim to the state court, the exhaustion doctrine precludes a federal court from granting relief on that claim." *Perruquet,* 390 F.3d at 514. When such a situation arises, the Court has the option of denying the claim on the merits, Section 2254(b)(2), or dismissing the Section 2254 petition without prejudice to allow the petitioner to return to state court to litigate the unexhausted claim. *Perruquet,* 390 F.3d at 514 (citing cases). Where the Section 2254 petition is a mixed petition—one containing exhausted and unexhausted claims— *see Arrieta v. Battaglia,* 461 F.3d 861, 865 (7th Cir. 2006)—a district court has the discretion to stay proceedings on that petition pending exhaustion of state court remedies of an unexhausted claim in that petition (1) if there is "good cause" for the habeas petitioner's failure to first exhaust his unexhausted claim in state court; and (2) the unexhausted claim is not "plainly meritless." *See Rhines v. Weber,* 544 U.S. 269, 277–78 (2005). Also a consideration in deciding whether to dismiss the Section 2254 petition without prejudice (allowing the habeas petitioner to return to state court to litigate the unexhausted claim) is whether such a dismissal would "effectively end any chance at federal habeas review," namely whether dismissal would jeopardize the petitioner's ability to timely re-file

a Section 2254 petition within the statutory time period. *Dolis v. Chambers,* 454 F.3d 721, 725 (7th Cir. 2006).

The exhaustion issue ties into whether the petition is timely under the one-year statute of limitations for Section 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states:

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Any amended petition should detail the procedural history of each ground for relief, and more clearly indicate which grounds were presented on direct appeal and which were presented via a post-conviction petition, including all relevant dates.

Insofar as Lyles has moved for recruitment of counsel (Doc. 2), a litigant is not entitled to counsel in a federal post-conviction proceeding (*Pennsylvania v.*

*Finley,* 481 U.S. 551, 555 (1987); *Powell v. Davis,* 415 F.3d 722, 727 (7th Cir. 2005)), although a district court may appoint or recruit counsel in the interests of justice (18 U.S.C. § 3006A(a)(2)(B)). Although Lyles has not qualified as a pauper for purposes of paying the filing fee (*see* Doc. 6), it is clear that she cannot afford to retain counsel. Nevertheless, there is no indication that she has attempted to find an attorney willing to take her case. In any event, at this juncture, judging by the initial petition, it appears that Lyles is capable of drafting an amended petition as directed. Furthermore, the stated grounds for relief do not appear to be so complex as to be beyond Lyles' abilities; in other words, it appears that she could obtain justice without an attorney. *See Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997). Accordingly, petitioner Lyles' motion for recruitment of counsel (Doc. 2) shall be denied without prejudice.

**IT IS THEREFORE ORDERED** that, for the reasons stated, Lyles' Section 2254 petition shall be **DISMISSED** without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that, on or before July 18, 2013 petitioner Lyles shall file an amended Section 2254 petition that conforms with the requirements set forth in this Order. Failure to file an amended petition as directed will likely result in the dismissal of this action.

The Clerk of Court is **DIRECTED** to send petitioner Lyles a blank Petition Under 28 U.S.C. § 2254 form, along with a copy of this Order.

**IT IS FURTHER ORDERED** that petitioner's motion for recruitment of counsel (Doc. 2) is **DENIED** without prejudice.

Petitioner is **ADVISED** of her continuing obligation to keep the Clerk (and Respondent, if this action passes preliminary review) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**June 18, 2013**

David R. Herndon
2013.06.18
12:25:12 -05'00'

**Chief Judge**
**United States District Court**