IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FREDERICKA LYLES, # R85115,**

        **Petitioner,**

  vs.                                          Case No. 13-cv-00493-DRH

**SHERYL THOMPSON,**

        **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Fredericka Lyles, currently incarcerated at Logan Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of her conviction and sentence in the Circuit Court of St. Clair County, Illinois.[1]  By Order dated June 18, 2013, her initial petition was dismissed without prejudice and with leave to amend (Doc. 8).  She was also denied pauper status and directed to pay the $5.00 filing fee (Doc. 6).  After a bit of confusion, Lyles' amended petition is now before the Court (Doc. 9).  Also before the Court is Lyles' motion for recruitment of counsel and waiver of the filing fee (Doc. 10).

---

[1] Pursuant to 28 U.S.C. § 2241(d), the Southern District of Illinois (in which the court of conviction is located) and the Central District of Illinois (where petitioner and her custodian are located) have concurrent jurisdiction.

**Preliminary Review of the Petition**

In February 2008, Fredericka Lyles was convicted by a jury of committing a drug-induced homicide, for which she was sentenced to 25 years of imprisonment; she was also convicted of delivering a controlled substance, for which she received a consecutive 6-year sentence.  It appears that her direct appeal was unsuccessful, and the Illinois Supreme Court denied her petition for leave to appeal.  It is unclear whether she collaterally attacked her conviction.

This case is now before the Court for preliminary review.  Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA") allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Rule 2(c)(2) of the Rules Governing § 2254 Cases in the United States District Courts requires that the facts supporting each ground for relief  be stated in the petition.  Therefore, something more than the usual notice pleading standard under Federal Rule of Civil Procedure 8 is required.  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist

the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.' " *Mayle v. Felix,* 545 U.S. 644, 655 (2005).  Still, the Court is mindful that *pro se* habeas petitions must be construed liberally.  *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *see also Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002).

Based on a very generous reading of the entire petition, and in consideration of Lyles' *pro se* status, the Court perceives that Lyles is asserting three grounds for relief:

> Ground 1: Ineffective assistance of counsel premised upon the errors asserted in Grounds 2 and 3;
>
> Ground 2: A denial of due process based on Lyles being found fit for trial, despite an IQ below 75; and
>
> Ground 3: A denial of due process caused by the trial judge when he questioned a potential witness in the presence of the jury.

Ground 1, regarding ineffective assistance of counsel, is not actually listed in the petition as one of the grounds being pursued in the Section 2254 petition.  "Ground One" on the form petition is actually blank, yet questions regarding the procedural posture of Ground One *are* addressed on the form (*see* Doc. 9, p. 12).  Ineffective assistance of counsel is listed multiple times as an argument that Lyles pursued in the state courts, linked to her other two grounds (see Doc. 9, pp. 3-5).  Therefore, the Court attributes the omission of the ineffective assistance argument to "scrivener's err," and will recognize ineffective assistance of counsel as a ground for relief.

Grounds 1, 2 and 3 satisfy the Rule 2(c)(2) pleading standard, and there is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate.  Therefore, respondent Sheryl Thompson will be required to respond or otherwise plead.

### Pending Motions

Insofar as Lyles has moved for recruitment of counsel a second time (Doc. 10), the motion will be referred to a United States Magistrate Judge for further consideration consistent with 18 U.S.C. § 3006A(a)(2)(B).

Lyles offers no basis for her request that the $5.00 filing fee be waived.  As previously explained, based on the calculation prescribed by 28 U.S.C. § 1915 (b), she has sufficient funds to pay the full fee.  Therefore, that aspect of her motion is denied.  An additional 21 days shall be allotted for Lyles to submit the $5.00 filing fee.  **Failure to pay the filing fee by the prescribed deadline will result in the immediate dismissal of the petition.**

### Disposition

**IT IS HEREBY ORDERED** that Lyles' motion for recruitment of counsel (Doc. 10) is **REFERRED** to a United States Magistrate Judge for determination.

**IT IS FURTHER ORDERED** that Lyles' motion for waiver of the filing fee (Doc. 10) is **DENIED**; on or before October 16, 2013 petitioner Lyles shall pay the $5.00 filing fee, **or the petition will be dismissed**.  Payment of the $5.00 filing fee shall be sent to: United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201.  At the time payment is made,

petitioner's name and the case number assigned to this action shall be clearly identified.

**IT IS FURTHER ORDERED** that respondent shall answer the petition or otherwise plead within **thirty days** of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of her continuing obligation to keep the Clerk (and each opposing party) informed of any change in her whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**September 25, 2013**

Digitally signed by David R. Herndon
Date: 2013.09.25 15:16:31 -05'00'

**Chief Judge**
**United States District Court**