IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FREDERICKA LYLES,

        Petitioner,

vs.                                                  Civil No.  13-cv-493-DRH-CJP

ANGELA LOCKE,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

A St. Clair County, Illinois, jury convicted Fredericka Lyles of drug-induced homicide and unlawful delivery of a controlled substance in 2009. She was sentenced to prison terms of 25 and 6 years, to be served consecutively. On preliminary review, the Court construed her amended petition for habeas relief pursuant to 28 U.S.C. §2254 (Doc. 9) as raising the following grounds:

1)     Ineffective assistance of counsel premised upon the errors asserted in Grounds 2 and 3 below;

2)     Denial of due process based on Lyles being found fit for trial despite having an IQ below 75; and

3)     Denial of due process based on the trial judge's questioning of a potential witness in the presence of the jury.

### I.    Relevant Facts

As described by the Appellate Court, Fifth District, on petitioner's direct appeal, the evidence at trial established that petitioner forced four children to take morphine pills. The children, who were her nieces and nephews, were all under

the age of ten. One child died. (Doc. 18, Ex. A). The issues raised in petitioner's direct appeal do not correspond to any of the grounds raised in her habeas petition.

Petitioner filed a state postconviction petition in which she raised issues relevant to her habeas petition:

1) Petitioner was unfit to stand trial; and

2) Trial counsel was ineffective for failing to object to further continuances because there was doubt about petitioner's fitness, and for failing to object when the trial judge questioned potential witnesses (two of the victims) for competency in front of the jury.

Doc. 18, Ex. G, pp. 221-246.

On July 30, 2012, the postconviction petition was dismissed by the Circuit Court of St. Clair County for failure to raise the gist of a constitutional issue. Ex. G, p. 246. On August 15, 2012, the Appellate Court informed Lyles that she had improperly filed her pro se notice of appeal in the Appellate Court, rather than in the Circuit Court. The order informed Lyles that her notice of appeal had to be filed in the Circuit Court within 30 days of the entry of final judgment. She was given 7 days to show cause why the improperly filed notice of appeal should not be stricken. Ex. G, p. 251. Lyles asked for, and was granted, additional time. Ex. G, pp. 253-254. Lyles did not file anything further with the Appellate Court. On September 20, 2012, the Appellate Court dismissed her appeal for lack of jurisdiction pursuant to Illinois Supreme Court Rule 606(b). Ex. G, p. 255. Respondent represents to the Court that petitioner did not file a PLA. Doc. 17, p. 4.

## II. Applicable Legal Standards

### 1. Law Applicable to §2254 Petition

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA.

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Habeas is *not* yet another round of appellate review. 28 U.S.C. §2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

### 2. Exhaustion and Procedural Default

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Bolton v. Akpore,* 730 F.3d 685, 694-695 (7th Cir. 2013). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair

opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732 (1999), see also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, a petitioner must fully present his claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *O'Sullivan,* 119 S. Ct. at 1732-1733; *McDowell v. Lemke*, --- F.3d ----, 2013 WL 6500823, *5 (7th Cir. 2013)

## Analysis

Respondent concedes that the habeas petition is timely and that state court remedies have been exhausted. However, she argues that petitioner's claims are procedurally defaulted.

It is clear that Lyles did not present her claims for one full round of the Illinois established appellate review process. The claims set forth in her amended habeas petition were not raised in her direct appeal. Her habeas claims were arguably presented in her postconviction petition, but her notice of appeal was improperly filed and her appeal was dismissed by the state court on procedural grounds. She did not file a PLA to the Supreme Court.

Procedural default may be excused if the petitioner shows either (1) cause for the default and actual prejudice, or (2) that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 111 S. Ct. 2546, 2565 (1991). Cause in this context means "some external impediment." *Id.*, 111 S. Ct. at 2566. Lyles has made no attempt to

demonstrate cause or prejudice. Any attempt to show cause would be unavailing, as her failure to exhaust was the result of her own failure to file a notice of appeal in the Circuit Court even after being informed of the correct procedure by the Appellate Court. Further, she has not argued "actual innocence" and has not advanced any new, reliable evidence of her innocence. Therefore, she cannot demonstrate that a failure to review her claims would result in a fundamental miscarriage of justice. See, *McDowell v. Lemke*, --- F.3d ----, 2013 WL 6500823, *5 (7th Cir. 2013); *Morales v. Johnson*, 659 F.3d 588, 604-605 (7th Cir. 2011).

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). No reasonable jurist could find the above assessment of plaintiff's claims to be debatable. See, *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). Accordingly, the Court denies a certificate of appealability.

### Conclusion

Fredericka Lyles' amended petition for habeas relief under 28 U.S.C. §2254 **(Doc. 9)** is **DENIED**. This cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: December 27, 2013**

David R. Herndon
2013.12.27
10:16:14 -06'00'

**Chief Judge**
**United States District Court**